

5/29/2020
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KEVIN GREEN,

    *Plaintiff*,

v.

PRESIDENTIAL BANK, et al.,

    *Defendants*.

Civil Action No. 1:20-cv-00183 (UNA)

## MEMORANDUM OPINION

This matter is before the Court on review of Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, and his *pro se* Complaint, ECF No. 1. Plaintiff alleges that Defendants, including the United States, the Federal Reserve Bank, the Office of the Comptroller of the Currency, the Department of Housing and Urban Development, a bank, a law firm, and various individual attorneys and bank employees, committed constitutional violations under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The Court will grant the application and dismiss the Complaint.

It appears that businesses Plaintiff controlled secured financing from Presidential Bank, that these businesses defaulted on their loans, and that the bank foreclosed on the real property which was collateral for the loans. Compl. at 9–12. It further appears that these businesses filed for bankruptcy in the United States Bankruptcy Court for the District of Columbia, and that the firm Friedlander & Misler, Thomas Murphy, Esq., and Lindsay Thompson, Esq., represented Presidential Bank in those and related proceedings. *Id.* Generally, Plaintiff alleges that Defendants have deprived him of liberty and property in violation of the Fifth and Fourteenth Amendments to the United States Constitution. *Id.* at 10–11. According to Plaintiff, all

Defendants are responsible for the hardships he now suffers, including financial losses, ruined credit, physical and emotional harm, and entry of a $3 million judgment against him.  *Id.*  Among other relief, the plaintiff demands an award of $150 million.  *Id.* at 15.

The Court concludes that the Complaint fails to state a due process claim against the private Defendants.  Even if these Defendants violated a constitutionally protected right, Plaintiff does not allege that they acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or . . .the District of Columbia."  42 U.S.C. § 1983.  The loans were private activity, and "the under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful[.]'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982) (additional citation and footnote omitted)); *see Avila v. CitiMortgage, Inc.*, 45 F. Supp. 3d 110, 122 (D.D.C. 2014) (concluding that claim against private actors acting in their private capacities fails to state viable due process claim); *Fennell v. AARP*, 770 F. Supp. 2d 118, 132 (D.D.C. 2011) ("[T]he Due Process Clause, whether it be the one found in the Fifth Amendment or the Fourteenth Amendment, protects individuals from deprivations of due process by state actors and does not extend to the conduct of private employers."); *Chandler v. W.E. Welch & Assocs., Inc.*, 533 F. Supp. 2d 94, 103 (D.D.C. 2008) (noting that "private conduct does not trigger the protections of the Fourteenth Amendment").

Insofar as Plaintiff demands monetary damages from the United States, its agencies, or federal government officials, these claims would proceed under the Federal Tort Claims Act ("FTCA").  However, because Plaintiff does not appear to have exhausted his administrative remedies prior to filing this lawsuit, and because the United States' sovereign immunity bars a constitutional tort claim, the Court lacks subject matter jurisdiction over an FTCA claim.  *See,*

*e.g.*, *Beck v. United States Gov't*, 777 F. App'x 525, 526 (D.C. Cir. 2019) (per curiam) (affirming district court's dismissal of FTCA claim due to plaintiff's failure to exhaust administrative remedies and because FTCA does not waive government's sovereign immunity for constitutional tort claims).

Plaintiff is no more successful in his effort to hold the government officials liable in their individual capacities. "A federal official may be held personally liable under *Bivens* only for unconstitutional conduct in which he was personally and directly involved." *Taylor v. Dir. of Bureau of Prisons*, No. 09-cv-0859, 2009 WL 1322281, at *1 (D.D.C. May 8, 2009) (citing *Cameron v. Thornburgh*, 983 F.2d 253, 258 (D.C. Cir. 1993)). Plaintiff fails to allege, for example, that the Secretary of the U.S. Department of Housing and Urban Development was personally and directly involved in any event giving rise to this lawsuit, and the Secretary's liability cannot not be based on a *respondeat superior* theory. *See id.* (citations omitted). The Court concludes that the Complaint fails to state a *Bivens* claim.

Accordingly, the Court will grant Plaintiff's application to proceed *in forma pauperis* and dismiss the Complaint without prejudice. An Order will be issued contemporaneously with this Memorandum Opinion.

DATE: May 29, 2020

/s/ Carl J. Nichols
CARL J. NICHOLS
United States District Judge